Dear Mr. Babin:
You have requested an opinion, in your capacity as legal counsel for the City of Scott, Louisiana, relative to the proposed funding of a new city hall.
As per your letter, the city passed one percent sales taxes in 1968 and 1984. According to the city's most recent audit for year ended June 30, 1991, the 1968 sales tax proposition dedicated revenues for various purposes including the construction, acquiring, extending, improving and/or maintaining sewers and sewerage disposal works, waterworks, drainage facilities, streets and sidewalks, and the purchase of equipment.
The 1984 tax revenues were dedicated for the construction, acquiring, extending, improving, operating and/or maintaining public streets and bridges, sewers and sewerage disposal works, recreational facilities, waterworks, drainage facilities, the purchase of necessary land, equipment and furnishings for these public works and improvements, maintenance of the city's auxiliary police force and volunteer fire department, and maintaining the natural gas transmission and distribution system of the city.
You state that for the years 1969-1991, the city's general fund has paid approximately 1.3 million dollars for those purposes for which the two sales taxes were dedicated. During these same years, approximately $300,000.00 was transferred from the sales tax proceeds to the city's general fund for reimbursement.
You ask whether it would be legally permissible for the city's general fund to be reimbursed an additional 1 million dollars from the sales tax account, representing the difference between the total expenditures from the general fund and the partial reimbursement from the sales tax funds. These funds would then be used to finance the construction of the new city hall, thereby making it unnecessary for the city to borrow money for said purpose.
In answer to your question, I refer you to LSA-R.S. 39:704 which provides the following:
 "The proceeds of any special tax shall constitute a trust fund to be used exclusively for the objects and purposes for which the tax was levied. The records of the taxing authority shall clearly reflect the objects and purposes for which the proceeds of the tax are used."
We can find no legal prohibition against the reimbursement contemplated in your opinion request. The city's audit report reflects balances of $1,346,313.00 and $1,092,450.00 in the 1968 and 1984 sales tax accounts, respectively. Thus, sufficient funds are available. However, under LSA-R.S. 39:704, the reimbursement must be exclusively for general fund expenditures made for purposes authorized by the two tax propositions. Additionally, the city's financial records must clearly reflect the objects and purposes for which these general fund expenditures were used. Thus, in order to effect the transfer of any funds, the city must provide sufficient proof that general fund monies in the amount of the proposed transfer were, in fact, spent for the purposes set forth in the tax propositions.
Ms. Joanne Sanders of the Louisiana Legislative Auditor's Office advised that, for audit purposes, the city must be able to present invoices itemizing the general fund expenditures sought to be reimbursed. Absent this documentation, we are of the opinion that any reimbursement would be in violation of LSA-R.S.39:704.
Trusting this adequately responds to your request, I am
Sincerely,
 RICHARD P. IEYOUB Attorney General
 BY: ROBERT E. HARROUN, III Assistant Attorney General
RPI/REH, III:lbw-0007R